**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JERRY P. DOMINGUEZ,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
SF-0752-20-0540-I-1

DATE: March 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ianna Richardson, Esquire and Shaun Southworth, Atlanta, Georgia, for the
    appellant.

Tony J. Miller, Esquire, Camp Pendleton, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. On petition for review, the appellant argues that the administrative judge erred in sustaining three of the charges, reasserts his affirmative defenses of reprisal for alleged equal employment opportunity (EEO) activity and whistleblowing, and reasserts that the penalty of removal was not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

reasonable. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis of the appellant's reprisal claim concerning a harassment complaint and to provide the appropriate standard in analyzing that claim, we AFFIRM the initial decision.

We discern no error in the administrative judge's findings that the agency proved three of the four charges at issue in this appeal and that the penalty of removal promotes the efficiency of the service and was reasonable. Initial Appeal File (IAF), Tab 32, Initial Decision (ID) at 3-18, 24-29. We also discern no error in her finding that the appellant failed to prove an affirmative defense of whistleblower reprisal. ID at 22-24. Although we ultimately agree with the administrative judge's conclusion that the appellant failed to prove that his removal was in reprisal for filing a harassment complaint with the EEO office on October 30, 2019, we clarify here the nature of the appellant's claim and the appropriate standard by which to analyze that claim.

Below, the appellant asserted that he was retaliated against for protected EEO activity—namely, for filing a harassment complaint on October 30, 2019,

with the EEO office.[2]  IAF, Tab 19 at 4.  To analyze this claim, the administrative judge relied on the legal standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), which provides that, when an appellant asserts discrimination or retaliation under 42 U.S.C. § 2000e-16, he must show that the prohibited consideration was a motivating factor in the contested personnel action.  ID at 19.  The administrative judge later correctly observed, however, that the appellant's harassment complaint on which his reprisal claim is based was explicitly <u>not</u> alleging that he was harassed on the basis of a protected category covered under the discrimination laws, such as race, sex, religion, age, or disability.  ID at 20; IAF, Tab 21 at 54.  Because the appellant's harassment complaint was not so based, we modify the initial decision to find that his claim should be construed as one of general reprisal.  *See, e.g.*, *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (applying the *Warren* standard to the appellant's affirmative defense of retaliation for filing appeals arising under 5 U.S.C. § 2302(b)(9)(A)(ii), in which he did not allege, among other things, reprisal for equal employment opportunity activity protected under title VII).  To prove a claim of general reprisal, the appellant must show by preponderant evidence that:  (1) he engaged in protected activity; (2) the accused official knew of the protected activity; (3) the adverse employment action under review could, under the circumstances, have been retaliation; and (4) there was a genuine nexus between the retaliation and the adverse employment action.  *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986); *Mattison*, 123 M.S.P.R. 492, ¶ 8; *Cloonan v. U.S. Postal Service*, 65 M.S.P.R. 1, 4 (1994).

In applying this standard, we rely on the administrative judge's assessment of the relevant evidence.  In the initial decision, the administrative judge

---

[2] The appellant also asserted that he filed an EEO complaint, IAF, Tab 19 at 4, but as the administrative judge correctly observed, there is no EEO complaint in the record, ID at 19, and a representative from the agency's EEO office submitted a statement that there is no EEO complaint by the appellant on record, IAF, Tab 9 at 20.

correctly observed that there was no evidence that anybody responsible for the removal decision referenced the harassment complaint and that there was no circumstantial evidence supporting an inference of retaliation, "other than the appellant had talked to the EEO counselor when his removal was proposed and decided." ID at 22. The administrative judge considered that the appellant's supervisor, who was also the proposing official, may have been aware of the complaint, but found nothing suspicious in this knowledge, particularly because the supervisor began documenting for human resources the basis of the disciplinary action in June or July of 2019—well before the appellant filed the October 30, 2019 harassment complaint and well before the appellant told his supervisor that he had gone to an EEO counselor. *Id.* at 21-22. The administrative judge also considered that the deciding official was aware of the harassment complaint but emphasized that he was unaware of the content of the complaint. ID at 22. She ultimately concluded that the appellant failed to present any evidence "that the agency took this removal action in retaliation for the appellant going to an EEO counselor and complaining about the workplace." *Id.*

We conclude that the findings in the initial decision are sound and accurately reflect the record evidence.[3] We further find that, even though the deciding official and the appellant's supervisor—also the proposing official— knew of the harassment complaint, the appellant has failed to show that his

---

[3] We have considered the appellant's argument on review that when he raised his concern about harassment with his supervisor, the supervisor responded "in a retaliatory manner" stating that he "was not going anywhere." PFR File, Tab 1 at 8. The appellant asserts that this response "is close to direct evidence of retaliation because it is a threat." *Id.* We disagree. The appellant's interpretation of his supervisor's alleged statement is nothing more than speculation as to the supervisor's motives. The statement does not include any threat and, on its face, suggests only that the supervisor did not intend to leave the agency due to the appellant's harassment complaint. Thus, the appellant's argument on review does not constitute a basis to disturb the ultimate finding in the initial decision that the appellant failed to establish this affirmative defense. *See Duncan v. Department of the Air Force*, 115 M.S.P.R. 275, ¶ 9 (2010) (finding that an appellant's speculation did not rise to the level of preponderant evidence), *aff'd*, 674 F.3d 1359 (Fed. Cir. 2012).

removal could, under the circumstances, have been retaliation or that there was any genuine nexus between the retaliation and the removal action. *See Mattison*, 123 M.S.P.R. 492, ¶ 8. Accordingly, we agree with the administrative judge that the appellant failed to establish this affirmative defense.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.